IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY MITCHELL, obo Allen Mitchell, | ) | CASE NO. 5:14 CV 1962 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

### A.    Nature of the case and proceedings

Before me[1] is an action by Tammy Mitchell, on behalf of Allen Mitchell, under

42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social

Security denying his applications for disability insurance benefits and supplemental security

income.[2] The Commissioner has answered[3] and filed the transcript of the administrative

---

[1] ECF # 14. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Mitchell, who was 51 years old at the time of the hearing,[10] previously filed an application in 2009 for DIB and SSI that was rejected in a 2010 decision which was then affirmed on judicial review in 2013.[11] Relevant background facts are presented in Magistrate Judge Kathleen Burke's decision, which was adopted by United States District Judge James S. Gwin when no objections were made by the parties, and are not repeated here. The present matter concerns Mitchell's 2011 application for benefits which alleges a disability onset date of December 4, 2010.[12] Mitchell died on March 15, 2014.[13]

---

[4] ECF # 11.

[5] ECF # 5.

[6] ECF # 13.

[7] ECF # 22 (Mitchell's brief); ECF # 25 (Commissioner's brief).

[8] ECF # 22-1 (Mitchell's charts); ECF # 26 (Commissioner's charts).

[9] ECF # 21 (Mitchell's fact sheet).

[10] *Id.* at 1 (citing transcript).

[11] *Mitchell v. Comm'r of Soc. Sec.,* 2013 WL 3057074 (N.D. Ohio June 17, 2013).

[12] Transcript ("Tr.") at 116.

[13] *Id*. at 81.

The ALJ, whose decision became the final decision of the Commissioner, found that Mitchell had the following severe impairments: alcohol abuse and chronic obstructive pulmonary disease/emphysema.[14]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Mitchell's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant may never climb ladders, ropes or scaffolds, but may occasionally climb ramps and stairs; the claimant must avoid concentrated exposure to humidity and extremes of temperature, and must avoid even moderate exposure to workplace hazards, such as unprotected heights and dangerous machinery. This finding departs from that of the previous decision, based, in part, on valid diagnostic studies (B11F/2), suggestive of greater functional capacity.[15]

The ALJ decided that this RFC precluded Mitchell from performing his past relevant work as a construction worker.[16]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Mitchell could perform.[17] The ALJ, therefore, found Mitchell not under a disability.[18]

---

[14] *Id*. at 118.

[15] *Id.* at 120.

[16] *Id.* at 124.

[17] *Id.* at 125.

[18] *Id.*

-3-

**C.**     **Issues on judicial review and decision**

Mitchell asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Mitchell presents the following issues for judicial review:

- WHETHER NEW AND MATERIAL EVIDENCE WARRANTS REMAND PURSUANT TO "SENTENCE 6" OF 42 U.S.C. §405(g), AND WHETHER THE APPEALS COUNCIL ERRED IN NOT CONSIDERING THE NEW EVIDENCE

- WHETHER THE ADMINISTRATIVE LAW JUDGE PROPERLY CONSIDERED PLAINTIFF'S COMPLAINTS OF PAIN IN FORMULATING PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY.[19]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.**     **Standards of review**

*1.*     ***Sentence Six remand***

Sentence six of 42 U.S.C. § 405(g) permits a court to order a case remanded for consideration of additional evidence under certain circumstances. The Sixth Circuit has interpreted this statute as creating three requirements for a remand to consider new evidence: (1) that the evidence be "new;" that is, not cumulative of evidence already in the record; (2) that the evidence be "material;" which requires a showing that the Commissioner would

---

[19] ECF # 22 at 1.

have reached a different disposition of the claim if presented with the evidence; and (3) that

"good cause" exists for not producing the evidence in a prior proceeding.[20]

## 2.      *Pain as a basis for disability*

When a claimant presents pain as the cause of disability, the decision of the Sixth

Circuit in *Duncan v. Secretary of Health and Human Services*[21] provides the proper

analytical framework. The Court in *Duncan* established the following test:

> [t]here must be evidence of an underlying medical condition and (1) there must
> be objective medical evidence to confirm the severity of the alleged pain
> arising from that condition or (2) the objectively determined medical condition
> must be of a severity which can reasonably be expected to give rise to the
> alleged pain.[22]

Under the first prong of this test, the claimant must prove by objective medical evidence the

existence of a medical condition as the cause for the pain. Once the claimant has identified

that condition, then under the second prong he or she must satisfy one of two alternative tests

– either that objective medical evidence confirms the severity of the alleged pain or that the

medical condition is of such severity that the alleged pain can be reasonably expected to

occur.[23]

---

[20] *Shull v. Astrue*, No. 09-CV-2931, 2011 WL 1357363, at *3 (N.D. Ohio April 11, 2011) (citations omitted).

[21] *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986).

[22] *Duncan*, 801 F.2d at 853.

[23] *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994).

-5-

Objective medical evidence of pain includes evidence of reduced joint motion, muscle spasm, sensory deficit, or motor disruption.[24] The determination of whether the condition is so severe that the alleged pain is reasonably expected to occur hinges on the assessment of the condition by medical professionals.[25] Both alternative tests focus on the claimant's "alleged pain."[26] Although the cases are not always clear on this point, the standard requires the ALJ to assume arguendo pain of the severity alleged by the claimant and then determine if objective medical evidence confirms that severity or if the medical condition is so bad that such severity can reasonably be expected.

A claimant's failure to meet the *Duncan* standard does not necessarily end the inquiry, however. As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[27] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms will be considered with other relevant evidence in deciding disability:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability

---

[24] *Id.* at 1037 (quoting 20 C.F.R. 404.1529(c)(2)).

[25] *Walters v. Comm'r of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997).

[26] *Duncan*, 801 F.2d at 853.

[27] Social Security Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996).

determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[28]

The regulations also make the same point.

We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements.[29]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[30]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[31] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

---

[28] *Id.* at 34484.

[29] 20 C.F.R. § 416.929(c)(2).

[30] *Swain*, 297 F. Supp. 2d at 988-89.

[31] 20 C.F.R. § 404.1529(c)(3).

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[32]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[33] A court may not disturb the ALJ's credibility determination absent compelling reason.[34]

 If the ALJ rejects the claimant's complaints as incredible, he must clearly state his reasons for doing so.[35] Unlike the requirement that the ALJ state good cause for discounting the opinion of a treating source, the regulation on evaluating a claimant's subjective

---

[32] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[33] *Buxton*, 246 F.3d at 773.

[34] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[35] *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

complaints contains no express articulation requirement. The obligation that the ALJ state reasons for rejecting a claimant's complaints as less than credible appears to have its origin in case law.[36] The Social Security Administration has recognized the need for articulation of reasons for discounting a claimant's credibility in a policy interpretation ruling.

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.[37]

The strong statement from the administrative ruling quoted above constitutes a clear directive to pay as much attention to giving reasons for discounting claimant credibility as must be given to reasons for not fully accepting the opinions of treating sources. An ALJ in a unified statement should express whether he or she accepts the claimant's allegations as credible and, if not, explain the finding in terms of the factors set forth in the regulation.[38] The ALJ need not analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or she considered all relevant

---

[36] *Felisky*, 35 F.3d at 1036; *Auer v. Sec. of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987).

[37] SSR 96-7p, 61 Fed. Reg. at 34484.

[38] 20 C.F.R. § 404.1529(c)(3).

evidence.[39] The articulation should not be conclusory;[40] it should be specific enough to permit the court to trace the path of the ALJ's reasoning.[41]

## B.    Application of standards

### 1.    *Sentence Six remand*

The issue presented here concerns Mitchell's liver damage from alcohol abuse. More specifically, Tammy Mitchell argues that evidence of Allen Mitchell's cirrhosis and GI bleeding, which came to light only after the ALJ's decision in 2012, is material to that decision by showing that Allen Mitchell's liver problems were "far advanced" at the time of the decision, despite a lack of evidence to that effect at the time of the decision.[42]

A brief review of the record before the ALJ confirms that any evidence of severe liver damage post-dates the hearing. In fact, although there were some signs of liver damage at the time of the hearing in 2012, those signs were that Mitchell was diagnosed with only hepatitis of the liver, and not cirrhosis, and that an ultrasound of his liver had shown only "mild heptomegaly," or enlargement.[43] The additional evidence cited by Mitchell - a February, 2011 liver function test showing elevated liver enzymes and the June, 2012 finding that he

---

[39] *Blom v. Barnhart*, 363 F. Supp. 2d 1041, 1054 (E.D. Wisc. 2005).

[40] SSR 96-7p, 61 Fed. Reg. at 34384.

[41] *Blom*, 363 F. Supp. 2d at 1054.

[42] ECF # 22 at 10.

[43] Tr. at 542-43.

had melena[44] - are consistent with the ALJ's finding that Mitchell did not have severe, worsening liver damage, but rather had hepatitis in connection with a mild enlargement of the liver - all at a time when he had ceased consuming alcohol.

In fact, Mitchell testified that he had stopped drinking alcohol a month before the hearing due to his liver condition,[45] and further attributed his abdominal pain[46] to his stopping drinking.[47] He testified that his chief complaint and reason he could not work was that he had shortness of breath from COPD.[48]

Moreover, even if the evidence of the rapid decline in Mitchell's liver condition after the ALJ's decision could be said to relate back to the relevant period, such evidence cannot be shown to have rendered Mitchell disabled for a continuous period of 12 months or more. As the Commissioner notes, Mitchell was not treated at all between June 2012 and April 2013, indicating that even if the underlying disease was silently progressing, it was not manifesting itself in worsening symptoms that effected Mitchell's functional capacity.[49]

Thus, Mitchell has not established a basis for a Sentence Six remand here, and to the extent she now moves for such a remand, the motion is denied. That said, however, nothing

---

[44] ECF # 22 at 9 (citing record).

[45] *Id*. at 157-58.

[46] *Id*. at 153.

[47] *Id.* at 537.

[48] *Id*. at 151.

[49] ECF # 25 at 16.

in this decision should be construed as precluding another application for benefits with an onset date after the date of the ALJ's decision in this matter.

**2.    *Pain determination***

Tammy Mitchell contends that the ALJ erred in the decision to discount Allen Mitchell's allegations of disabling pain. In particular, she maintains that if the ALJ were to recognize the medical conditions that were actually causing the pain - *i.e*., the upper GI bleeding and the alcoholic hepatitis - "his analysis of the credibility of [Allen Mitchell's] pain complaints would have been different."[50] In that regard, she contends that if Mitchell's pain complaints were seen as credible, "a sedentary functional capacity was [a] more realistic" finding, and thus, given Allen Mitchell's age, he would have been found disabled.[51]

The Commissioner, in response, notes that the ALJ essentially found five reasons for discounting Mitchell's pain complaints: (1) minimal supporting medical evidence;[52] (2) Mitchell's failure to seek treatment for pain, despite having insurance coverage;[53] (3) the absence of any opinion evidence that supported Mitchell's claims;[54] (4) good reasons for

---

[50] ECF # 22 at 13.

[51] *Id.*

[52] ECF # 25 at 10 (citing transcript)..

[53] *Id*. at 11 (citing transcript).

[54] *Id*. at 12 (citing cases).

believing that Mitchell was exaggerating his symptoms;[55] and (5) the ALJ's own finding that Mitchell was an unreliable witness.[56]

A review of Mitchell's arguments in light of the reasons cited by the Commissioner discloses that even if Mitchell were correct that the ALJ failed to accurately locate the cause of the pain, the Commissioner - and the ALJ - are also correct in observing that whatever the cause, any pain here did not result in Mitchell seeking any treatment for pain, nor in any objective medical evidence that he was disabled as a result of pain, nor in any opinion from a medical source that he was experiencing disabling pain. Although, as discussed above, such evidence is not required as a condition for finding that pain is a cause for disability, the lack of any record concerning treatment for pain, or any other medical evidence regarding pain, all support the decision to discount Mitchell's testimony as to the functional limitations of his pain.

In sum, Mitchell has provided no basis for me to overturn the Commissioner's decision in this regard.

---

[55] *Id*. (citing transcript).

[56] *Id*. at 13.

## Conclusion

Accordingly, for the reasons stated, I find that substantial evidence supports the finding of the Commissioner that Mitchell had no disability. The denial of Mitchell's applications is therefore affirmed.

IT IS SO ORDERED.


Dated: August 31, 2015                          s/ William H. Baughman, Jr.
                                                United States Magistrate Judge